UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 01-96ML |
| | : | |
| RAYMOND CLARK | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on August 10, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration, followed by a term of supervised release for a period of twenty-eight months. I further recommend that, while on supervised release, Defendant participate in and satisfactorily complete an inpatient/outpatient substance abuse treatment program as approved by the United States Probation Officer and submit to no more than seventy-two**

**urine specimens per year. Finally, I recommend that, upon release, Defendant seek and maintain employment in order that he may fulfill his child support obligations.**

## Background

On July 25, 2005, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On July 25, 2005, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on August 10, 2005. On August 10, 2005, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> The defendant provided the following urine screens which proved positive for illicit substances: March 1, 2005, cocaine; April 11, 2005, cocaine and marihuana; April 21, 2005, cocaine and marihuana; and May 16, 2005, marihuana.
>
> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> The defendant failed to submit monthly reports for April, May and June 2005 which were due May 5, 2005, June 5, 2005 and July 5, 2005, respectively.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**[1]

---

[1] This violation, which was originally included on the July 25, 2005 Supervised Release Violation Report was withdrawn by the Government at the August 10, 2005 hearing because the written correspondence referenced was never delivered to Defendant and was subsequently returned to the Probation Office as undelivered mail.

> Mr. Clark was instructed to report to the Probation Office on July 18, 2005 via written correspondence on July 14, 2005, and failed to report as indicated.
>
> **The defendant shall support his or her dependants and meet other family responsibilities.**
>
> The defendant is required to pay child support in the amount of $44 per week and has failed to do so. His current arrearage is $51,310.
>
> **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**
>
> Mr. Clark was previously employed by Prime Time Express, Inc., a moving company. According to the company, Mr. Clark ceased reporting to work in late June 2005 without any notification. Additionally, Mr. Clark moved from his residence at 179 Woodbine Street, Pawtucket, Rhode Island, in late June and his current residence is unknown.
>
> **The defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.**
>
> Mr. Clark was referred to substance abuse treatment at Providence Community Action - Division of Clinical Services on March 14, 2005, and was instructed to attend his initial session on March 17, 2005. Mr. Clark was failed to report for either group or individual substance abuse treatment sessions as required at Providence Community Action Division of Clinical Services on June 27, 2005, June 30, 2005, July 7, 2005, July 11, 2005, July 14, 2005 and July 18, 2005.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life. Therefore, the term can be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release

shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose any term of supervised release up to life.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant committed Grade C violations. Therefore, the Court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The second provision which allows for alternatives for one-half of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant's supervised release commenced on December 28, 2004. It apparently took Defendant only a few weeks following his release to revert to the use of controlled substances. On April 25, 2005, the Probation Office notified District Judge Lisi for informational purposes of Defendant's early pattern of noncompliance. Judge Lisi was advised that Defendant tested positive for drug use on March 1, 2005 (cocaine) and April 11, 2005 (marihuana and cocaine) and had failed to attend scheduled substance abuse counseling sessions. Defendant was apparently reprimanded by his Probation Officer on April 21, 2005 and warned of the consequences of continued noncompliance.

Defendant did not get the message and his compliance continued to deteriorate. Defendant's drug use and failure to attend substance abuse counseling continued. Further, Defendant quit his job

without notice to either his employer or Probation Officer, and he has not met his child support obligations (presumably because he is spending his money on drugs). By completing his term of incarceration, Defendant has not fully paid his debt to society for his drug distribution conviction. An important element of Defendant's sentence was a three-year period of supervised release with specific conditions. Defendant has failed to take these conditions seriously and was not even able to make it through the first couple of months without violating.

It is apparent that Defendant has a serious substance abuse problem. Defendant has not, however, attempted to help himself by committing to his substance abuse treatment. Until he addresses his drug addiction, it will be nearly impossible for Defendant to meet his conditions of release. At the hearing, the Government reduced its sentencing request from eleven to eight months based on Defendant's admission of the violations. This Court agrees that Defendant should be given credit for his admissions and that a sentence at the bottom end of the guideline range should send a sufficient message to Defendant at this time. Defendant's counsel argued for a split sentence (four months' incarceration and four months' home confinement). This Court does not believe that such a split sentence would send a strong enough message to Defendant or give him sufficient control to begin to address his drug addiction. Defendant is free to argue for the split sentence before Judge Lisi, but this Court does not find it to be an appropriate punishment in this particular case.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of eight (8) months of incarceration, followed by a term of supervised release for a period of twenty-eight months.**

**I further recommend that, while on supervised release, Defendant participate in and satisfactorily complete an inpatient/outpatient substance abuse treatment program as approved by the United States Probation Officer and submit to no more than seventy-two urine specimens per year. Finally, I recommend that, upon release, Defendant seek and maintain employment in order that he may fulfill his child support obligations.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 11, 2005