UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 01-96ML |
| | : | |
| RAYMOND CLARK | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on July 26, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of twelve (12) months of incarceration.**

### Background

On July 20, 2006, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On July 20, 2006, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on July 26, 2006. On July 26,

2006, Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.**
>
> On July 4, 2006, Raymond Clark possessed a controlled substance, crack cocaine, and operated a motor vehicle upon a public highway without first having obtained a driver's license.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the authorized statutory maximum term of supervised release is life. Therefore, the Court may impose up to a life term of supervised release.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result

of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served eight months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is sixteen months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. Therefore, the Court may impose up to a life term of supervised release. There has been a total of eight months' imprisonment previously imposed for violations of supervised release. Therefore the Court may impose a maximum term of sixteen months' supervised release in this case.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled

substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervised release.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither provision applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade B violation and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is twenty-one to twenty-seven months. However, as the total maximum term of incarceration for violations is twenty-four months, and Defendant served eight months on the previous violation, the maximum term of imprisonment that the Court may impose is sixteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

Pursuant to Section 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

**Offender's Characteristics**

Defendant's first period of supervised release commenced on December 28, 2004. It apparently took Defendant only a few weeks following his initial release to revert to the use of controlled substances. On April 25, 2005, the Probation Office notified District Judge Lisi for informational purposes of Defendant's early pattern of noncompliance. Judge Lisi was advised that Defendant tested positive for drug use on March 1, 2005 (cocaine) and April 11, 2005 (marihuana and cocaine) and had failed to attend scheduled substance abuse counseling sessions. Defendant was apparently reprimanded by his Probation Officer on April 21, 2005 and warned of the consequences of continued noncompliance.

Defendant did not get the message and his compliance continued to deteriorate. Defendant's drug use and failure to attend substance abuse counseling continued. Further, Defendant quit his job without notice to either his employer or Probation Officer, and he had not met his child support obligations (presumably because he was spending his money on drugs). Defendant was sentenced to eight months' incarceration and further supervised release for these violations.

Defendant finished his latest term of incarceration on April 7, 2006 and entered two months of intensive in-patient drug treatment at the Gosnold facility. Thereafter, Defendant was placed in an outpatient program. However, less than one month after he completed the in-patient treatment

program, he was arrested on July 4, 2006 for possession of crack cocaine and driving with a suspended license. Defendant is currently held at the ACI on those charges as well as on a state court violation matter. Defendant's conduct was in blatant disregard of his release conditions and once again shows that Defendant did not get the message after either his initial sentence or first violation sentence.

It appears that Defendant has a substance abuse problem. Defendant has not, however, attempted to help himself by committing to his substance abuse treatment. Until he addresses his drug addiction, it will be nearly impossible for Defendant to meet his conditions of release and remain compliant with the law. At the hearing, the Government requested a maximum sixteen-month sentence with no period of supervised release. This Court agrees that Defendant should be given some credit for his admission of the violation and that a sentence below the maximum is sufficient. In addition, since the current violation involves a charge of simple possession and not possession with intent to distribute and there is no charge of driving while impaired, this Court finds the Government's sixteen-month sentence recommendation to be somewhat harsh given Defendant's substance abuse history. Thus, this Court recommends a sentence of twelve months. This Court also agrees with the Government's position that Defendant has not shown himself to be a good candidate for further supervision. Defendant has wasted two opportunities on supervised release and substantial resources. Thus, this Court does not recommend any further term of supervised release.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of twelve (12) months of**

**incarceration.** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 28, 2006